TaxIiOK., Judge,
 

 delivered the opinion of the Court:
 

 The act of 1773, ch. 4, declares, that
 
 “
 
 if any person or persons now are, or hereafter shall be taken or charged on mesne process or execution for any debt, and shall
 
 *395
 
 jiave remained in
 
 close
 
 prison by the space of twenty days, it shall and may be lawful for two justices of the peace,” &c. upon the debtor’s complying with the several requisites of the act, to discharge him. The act of 17"41, ch. 2, declares, “ that for the preservation of the health of all such persons as shall at any time thereafter be committed to the county prisons, the Court shall have power to mark out such a parcel of land as they shall think fit, not'exceeding six acres, adjoining to the prison, &c. and every prisoner not committed for treason or felony, giving.good security to the Sheriff of the county, to keep within the said rules, shall have liberty to walk therein, out of the prison, for the preservation of his or their health. And every prisoner giving such security as aforesaid, and keeping pontinually within the said rules, shall be and is hereby adjudged and declared to be in law a true prisoner.” In a subsequent clause, the same act points out the mode of recovery against the securities, if the principal should escape, or violate the rules. As the act of 1741, extends the benefits of the bounds to all prisoners, (except those confined for treason and felony,) upon their giving security, and declares that all those who continually keep within the bounds.’ shall be adjudged to be true prisoners, a majority of the Court are of opinion, that the words “ a true prisoner,” are synonimous with the words
 
 “
 
 a close prisoner,” and that therefore a debtor, having given security as the act directs, and remaining for the space of twenty days within the bounds', is entitled to the benefit of the insolvent debtor’s act.
 

 Locke, Judge,
 

 e contra. — Having given to the acts of 1741, ch. 8, and 1773, ch. 4, an attentive consideration, I am compelled to give them a construction different from that which a majority of the Court thinks to be correct. The act of 1741 must be supposed to have been well understood by the Legislature which passed the act of
 
 *396
 
 1773 • and if the Legislature intended the benefit of the act of 1773, to persons remaining in the prison bounds for twenty days, they would have used some words to explain that meaning more clearly ,• as, that a person. remaining in the prison bounds for the space of twenty days, should have the benefit of
 
 the
 
 act; or, that a person being a
 
 true
 
 prisoner for twenty days should be entitled to its benefit. But to me it appears, that the Legislature never intended the benefit of the act of 1773 to be extended to any debtor, unless he remained within the •walls of the prison for twenty days ; and this opinion is confirmed, not only by the expressions used in the two. acts aforesaid, but bjr a consideration of the objects which the Legislature had in view in passing them. In the year 1741, no provision was made for, releasing a debtor from prison, until he paid the debt for which he was confined. It was therefore to be presumed, that such prisoners would be numerous, and the period of their confinement long; and that, too, in
 
 jails which
 
 were small and filthy. In such a situation, the health of prisoners was likely to be impaired, from want of exercise and wholesome air. From a spirit of humanity, therefore, the Legislature grantee] to such prisoners, the liberty of the bounds, upon their giving security, in order that if they should abuse this privilege, the creditors might have their debts secured ; but if they used this privilege in the way directed by the Legislature, for the preservation of their health, and by keeping continually within the bounds, they should be considered
 
 true prisoners ;
 
 that is, the creditors should not have an action against the Sheriff for an escape, they being in contemplation of Law, prisoners, and having broken none of the covenants of the bond given for keeping within the bounds. The act seems to intend nothing more upon this point, than to protect the Sheriff from an action for an escape, to which he would have been exposed, but for the provisions of the act,
 

 
 *397
 
 What, then, was the object of the Legislature in passIng the act of 1773 ? To adopt some mode by which an honest but an unfortunate debtor should be discharged from prison, although he might be unable to pay his
 
 debt;
 
 and that was, by imposing on him not only an oath that he was unable to pay, hut also an imprisonment for twenty days, in order that this punishment might induce him to make a fair disclosure of his circumstances, and compel him to pay as far as his property might extend, and to release him from further punishment thereafter. The Legislature, well knowing that a debtor having the benefit of the bounds, was in law a
 
 true prisoner,
 
 carefully omitted, in the act of 1773, this expression, and adopted the expression,
 
 “ close prison,”
 
 in contradistinction to the words, “
 
 a true
 
 prisonera term so clearly indicating the intention of the Legislature as to remove all doubt from my mind. I am therefore of opinion, that judgment should be entered for the Plaintiff.